UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA STATE GRANGE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL MARINE FISHERIES SERVICE, et al., <br><br> Defendants, <br><br> and <br><br> FEDERATION OF FLY FISHERS, et al., <br><br> Intervenor-Defendant Applicants. | 1:06-CV-00308 OWW DLB <br><br> ORDER GRANTING INTERVENOR-DEFENDANT APPLICANTS' UNOPPOSED MOTION TO INTERVENE (DOC. 21) |

### I. INTRODUCTION

This lawsuit concerns the listing of five populations of West Coast steelhead (*O. Mykiss*) as threatened or endangered species under the Endangered Species Act ("ESA"). Plaintiffs challenge the listings, arguing that, in reaching the listing determinations, the federal defendants unlawfully distinguished populations of migratory *O. Mykiss* from populations of resident *O. Mykiss,* and populations of naturally-spawed *O. Mykiss* from hatchery-born *O. Mykiss*. (Compl. at ¶1.)

Three non-profit organizations dedicated to the promotion of

fly fishing and to the conservation of fishery resources move to intervene as defendants in the lawsuit. (Doc. 21.) Their motion is unopposed.

## II. APPLICANTS

The Federation of Fly Fishers (FFF) is a national non-profit organization based in Bozeman, Montana. It has regional councils or chapters that encompass California. (Rockwell Decl., Doc. 22., at ¶5.) FFF has approximately 11,000 members who are dedicated to promoting "fly fishing as a recreational use of aquatic resources and to preserving, protecting, and restoring aquatic resources, including water, fauna, and riparian lands." (*Id.* at ¶5.) FFF's mission includes the conservation of wild steelhead populations. (*Id.* at ¶¶ 5-6.)

The Northern California Council for the Federation of Fly Fishers (NCCFFF) is a non-profit organization associated with FFF and organized under the laws of California. (*Id.* at ¶¶ 2-3.) All members of NCFFF are also members of FFF. (*Id.* at ¶ 13.) NCCFFF represents the fly fishing interests of approximately 6,000 individuals, "many of whom either live near steelhead habitat or frequently visit those areas for recreation." (*Id.*) NCCFFF's mission is to "promote the sport of fly fishing and the conservation, preservation, and restoration of fishery resources in northern California...including Central Valley Steelhead and their habitats in the Sacramento-San Joaquin River system and the Sacramento/San Francisco Bay Delta." (*Id.* at ¶4.)

Trout Unlimited (TU) is a national non-profit coldwater fisheries conservation organization. (Curtis Decl., Doc. 23, at

¶2.)  TU is dedicated to the conservation, protection, and restoration of wild trout, salmon, and steelhead fishery resources.  (*Id.*)  TU has more than 140,000 members in over 450 chapters across the country.  (*Id.*)  TU's members fish and otherwise recreate in the rivers of Northern California that provide habitat for California steelhead.  (*Id.* at ¶7.)  TU has participated in numerous efforts to protect wild steelhead in California and has led efforts to shape NMFS's policies regarding the treatment of hatchery salmon and steelhead.  (*Id.* at ¶4.)

### III.  DISCUSSION

#### A.  Intervention as of Right.

##### 1.  Legal Standard.

Intervention is governed by Federal Rule of Civil Procedure 24.  To intervene as a matter of right under Rule 24(a)(2), an applicant must claim an interest, the protection of which may, as a practical matter, be impaired or impeded if the lawsuit proceeds without the applicant. *Forest Conservation Council v. United States Forest Serv.*, 66 F.3d 1489, 1493 (9th Cir. 1993). The Ninth Circuit applies Rule 24(a) liberally, in favor of intervention, and requires a district court to "take all well-pleaded, non-conclusory allegations in the motion as true absent sham, frivolity or other objections." *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001). A four part test is used to evaluate a motion for intervention of right:

//

//

**3**

|   |     |                                                                                                                              |
|---|-----|------------------------------------------------------------------------------------------------------------------------------|
|   | (1) | the motion must be timely;                                                                                                   |
|   | (2) | the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; |
|   | (3) | the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and |
|   | (4) | the applicant's interest must be inadequately represented by the parties to the action.                                      |

*Forest Conservation Council*, 66 F.3d at 1493.

### 2. Timeliness.

In assessing timeliness, courts in the Ninth Circuit must consider: (1) the current stage of the proceedings; (2) whether the existing parties would be prejudiced; and (3) the reason for any delay in moving to intervene. *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997). Here, although six months have passed since the filing of the complaint on March 20, 2006 (Doc. 1), the administrative record was not filed until late September 2006 (Doc. 18), and Plaintiffs' pending motion for summary judgment (set for hearing on January 8, 2007) was not filed until <u>after</u> the filing of the instant motion for intervention (*see* Doc. 29, filed Oct. 10, 2006). Applicants agree to abide by the existing briefing schedule and do not anticipate seeking any discovery. (Doc. 21 at 5.) Moreover, no substantive decisions have been made by the district court in this case. *See Northwest Forest Resource Council v. Glickman*, 82 F.3d 825, 837 (9th Cir. 1996)(existing parties are not prejudiced when "the motion was filed before the district court made any substantive rulings."). The motion for

**4**

intervention is timely.

### 3. Significantly Protectable Interests.

To demonstrate a "significantly protectable interest," "a prospective intervenor must establish that [1] the interest asserted is protectable under some law, and [2] there is a relationship between the legally protected interest and the claims at issue." *Sierra Club v. EPA*, 995 F.2d 1478, 1484 (9th Cir. 1993).

Here, for a number of reasons, a finding that Applicants have a significantly protectable interest is justified. First, Applicants played a central role in the process that ultimately generated the challenged listings. (See Rockwell Decl. at ¶¶ 7-9; Curtis Decl. at ¶¶ 4, 6). TU specifically petitioned to have wild steelhead listed. (Curtis Decl. at ¶4.) A public interest group is "entitled as a matter of right to intervene in [an] action challenging the legality of measure it has supported. *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1297 (9th Cir. 1995); *see also Sagebrush Rebellion Inc. v Watt*, 713 F.2d 527 (9th Cir. 1983) (National Audubon Society rightful intervenor in challenge to creation of bird of prey preserve the Society had supported); *Wash. State Bldg. & Constr. Trades v. Spellman*, 684 F.2d 627 (9th Cir. 1982)(public interest organization that sponsored measure prohibiting importation of low-level radioactive waste originating outside the state had right to intervene in action challenging constitutionality of the measure). Moreover, Applicants are conservation and fishing organizations whose missions are to preserve and restore wild

5

Case 1:06-cv-00308-OWW-DLB   Document 38   Filed 11/01/06   Page 6 of 11

1  salmonids, including ths specific populations of wild steelhead
2  which are the concern of the listing determinations challenged in
3  this case.  (Rockwell Decl. at ¶13; Curtis Decl. at ¶7.)  *See*
4  *Sagebrush Rebellion*, 731 F.2d at 526-28 (applicants'
5  "environmental, conservation and wildlife interests" warranted
6  intervention as a matter of right).

### 4.  Impairment of Interests.

An applicant for intervention as of right must be "so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest."  Fed. R. Civ. P. 24(a).  The critical question is whether the applicant's interest would be "substantially affected in a practical sense by the determination made in an action..."  Fed. R. Civ. P. 24, Advisory Committee's Notes.

This requirement is met here.  Should Plaintiffs succeed in invalidating the challenged listings, Applicants' interests in the preservation and restoration of wild steelhead populations would suffer.  This is sufficient impairment.  *See Idaho Farm Bureau Fed'n*, 58 F.3d at 1398 (delisting of species impairs conservation groups' interest in its preservation).

//
//
//
//
//
//
//

6

### 5. Adequate Representation of DWR's Interest by Existing Parties.

In assessing the adequacy of representation, the Ninth Circuit looks at three factors:

(1) whether the existing parties will undoubtedly make all of the applicant's arguments;

(2) whether the existing parties are capable of and willing to make the applicant's arguments; and

(3) whether the applicant offers a necessary element to the proceedings that otherwise would be neglected.

*Southwest Ctr. for Biological Diversity,* 268 F.3d at 823. "[T]he requirement of inadequacy of representation is satisfied if the applicant shows that representation of its interests may be inadequate....[T]he burden of making this showing is minimal." *Sagebrush Rebellion Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983). It is undisputable that Plaintiffs will not adequately represent Applicants' interests. The critical question is whether the federal defendants can adequately represent Applicants' interests.

It is "well-settled precedent in this circuit" that "[w]here an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of representation arises." *League of United Latin Am. Citizens*, 131 F.3d at 1305. This presumption is triggered here because the Applicants and the Federal Defendants share the ultimate objective of upholding the validity of the listings. *See id.* (ultimate objective of upholding validity of a law shared by state defendants and prospective intervenor, a political interest-group). However, the presumption is rebuttable upon a showing that the applicant

**7**

and the existing parties "do not have sufficiently congruent interests." *Southwest Ctr. for Biological Diversity*, 268 F.3d at 823. The Ninth Circuit places considerable weight on the practical consequences of a lawsuit. Courts must determine whether an applicant's ability to protect its interests will be, "as a practical matter, impaired or impeded by the disposition of the action." *Forest Conservation Council*, 66 F.3d at 1497-98.[1]

In *Forest Conservation Council*, environmental groups sued the Forest Service for failing to undertake appropriate environmental review of its guidelines for the management of Northern Goshawk habitat. The State of Arizona moved to intervene, arguing that the issuance of an injunction requested by plaintiffs would threaten state lands adjacent to forest service lands because suspension of forest management activities would increase the likelihood of catastrophic forest fires. Similarly, an Arizona county moved to intervene, asserting that the relief sought by plaintiffs would adversely affect its interest in the revenue it receives from taxes and fees imposed on the use of the federally-controlled lands. *Id*. at 1492. The Ninth Circuit held that both the State and the County had the right to intervene, rejecting the argument that "amicus curiae

---

[1] Although *Forest Conservation Council* applies this "practical matter" language in the context of the third element ("practical impairment") of the intervention of right test, this language has informed the Ninth Circuit's reasoning on the fourth element (adequacy of representation) as well. *See Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003). The language is drawn from the Rule 24 advisory committee notes that state "if an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene."

**8**

status is sufficient for [applicants] to protect their interests....[because if applicants] are not made a party to this action, they will have no legal means to challenge [any] injunction while it remains in effect." *Id.* at 1498.

Applicants essentially argue that the federal defendants will not adequately represent their interests because "the federal agency has a recent history of refusing to defend existing ESA protections." (Doc. 21 at 9.)

> NMFS also does not adequately represent Applicants' interests. This federal agency has a recent history of refusing to defend existing ESA protections. For example, it did not appeal the decision in *Alsea Valley Alliance*, in which the Oregon District Court invalidated the ESA listing for Oregon coast coho salmon, leaving it to conservation and fishing organizations to do so as intervenors. *See Modesto Irrigation District*, No. CIV F 02-6553 OWW DLB, slip op. at 15-19 (attached as Exhibit 1) (holding that the government's decision not to appeal *Alsea Valley Alliance* demonstrates the inadequacy of its representation of endangered salmonids); *Alsea Valley Alliance v. Lautenbacher*, 06-6093-HO, slip op. at 3 (attached as Exhibit 2) (same); *California State Grange*, Civ. No. 02-60440HO, slip op. at 7-8 (attached as Exhibit 3) (same).

(Doc. 21 at 9.) Of particular note is Applicants' unrebutted assertion that "because of inadequacy of NMFS's representation of Applicants' interests, Applicants are currently involved in an affirmative challenge to NMFS's listing determination for populations of steelhead not at issue in the present case. *Trout Unlimited v. Lohn*, No. C06-CV-483-JCC (W.D. Wash. July 13, 2006)." (*Id.*)

Moreover, Applicants intend to "argue that the listings should remain in place to protect the species during any necessary remand." (Doc. 21 at 9.) In contrast, Applicants assert that "the government has failed to make such arguments in

9

the past [and ] may not make these arguments in the present case...." (*Id.*)  Neither Plaintiffs nor the federal defendants will adequately represent Applicants' interests in the subject matter of this litigation.

Applicants' motion for intervention of right is **GRANTED subject to any conditions upon briefing set by the district court**.

### B.  Permissive Intervention.

Alternatively, Applicants' request permission to permissively intervene pursuant to Rule 24(b)(2), which provides that a court may, in its discretion, permit intervention, "when an applicant's claim or defense and the main action have a question of law or fact in common."  In exercising its discretion the court "shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."  *Id*.

> The language of the rule makes clear that if the would be intervenor's claim or defense contains no question of law or fact that is raised also by the main action, intervention under Rule 24(b)(2) must be denied. But, if there is a common question of law or fact, the requirement of the rule has been satisfied and it is then discretionary with the court whether to allow intervention.

*Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1111 (9th Cir. 2002).  "Where proposed intervenors would present no new questions to the court, a motion for permissive intervention is properly denied."  *Hallco Mfg. Co., Inc. v. Quaeck*, 161 F.R.D. 98, 103 (D. Or. 1995).  Here, however, as discussed, Applicants may be the only parties supporting certain forms of potential relief in case of remand.  Permissive intervention would be

justified on that ground.

## IV.  CONCLUSION

Applicants' motion to intervene as a matter of right is **GRANTED** subject to any conditions upon briefing set by the district court.

IT IS SO ORDERED.

**Dated:   November 1, 2006**             /s/ Oliver W. Wanger
b2e55c                                                  UNITED STATES DISTRICT JUDGE